**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**CHANTAL L. BABENSEE,**

**as Executrix of the DAVID BABENSEE ESTATE,**

**Plaintiff,**

**v.**

**THE UNITED STATES,**

**Defendant.**

26-775 T

**COMPLAINT**

Plaintiff, Chantal L. Babensee, as Executrix of the David Babensee Estate (the "Estate"), by and through undersigned counsel, alleges as follows:

**NATURE OF THE ACTION**

1. This is a civil tax action against the United States arising from the Internal Revenue Service's improper failure to correctly apply tax payments made on behalf of the Estate, its maintenance of duplicate and inconsistent return records for the same tax liability, its assessment and collection efforts for amounts already paid, and its refusal to correct those errors despite repeated requests for administrative resolution since 2022.

2. The Estate's tax liability was paid in full through withholding and direct payment. However, due to errors made by a prior accounting firm in filing inconsistent and erroneous returns under different estate names and tax periods, the IRS created or

1

maintained duplicate account records and failed to match the Estate's payment to the proper account and/or tax period.

3. As a result, the IRS has asserted that tax remains due for a period for which payment was in fact made, has assessed penalties and interest that should not have been imposed, and has demanded payment a second time.

4. The IRS has further asserted, upon information and belief, that relief is unavailable because the statute of limitations has expired, even though Plaintiff and her representatives have diligently and continuously attempted to resolve the matter with the IRS since at least 2022, and the disputed balance exists solely because of the IRS's failure to correctly post, transfer, and apply payments already received.

5. Plaintiff seeks a determination that the tax at issue has been paid, that the duplicate or erroneous account records must be corrected, that the payment and credit be applied to the proper period and account, that penalties and interest be abated, and that any amounts wrongfully assessed or collected be refunded or credited as allowed by law, together with such further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1491(a)(1) , as applicable to claims for the recovery of taxes, penalties, and interest erroneously or illegally assessed or collected, and over related monetary relief founded upon federal tax law.

7. This action also arises under the Internal Revenue Code, including 26 U.S.C. §§ 6402, 6511, 6532, 6601, 6651, and related provisions governing payment, crediting, refund, abatement, and wrongful assessment or collection of federal taxes.

8. To the extent required, Plaintiff has satisfied all jurisdictional prerequisites, including payment of the amounts assessed and/or submission of claims and correspondence sufficient to place the IRS on notice of the nature of the claim, the tax periods involved, and the relief requested.

9. In the alternative, and to the extent the United States disputes satisfaction of any administrative prerequisite, Plaintiff alleges that the IRS's own errors, its maintenance of duplicate accounts, its receipt and retention of payment, and its repeated acknowledgement of the underlying account discrepancy excuse or toll any such requirement to the fullest extent permitted by law.

10. Venue is proper in this Court because this is an action against the United States for monetary and tax-related relief within this Court's jurisdiction.

## PARTIES

11. Plaintiff Chantal L. Babensee is the duly authorized Executrix of the David Babensee Estate.

12. Decedent David Steven Babensee died on October 15, 2020.

13. The Estate is associated with Tax Identification Number XX-XXX7639.

14. Defendant is the United States of America, acting through the IRS and the Department of the Treasury.

3

## RCFC 9(m) STATEMENT

15. Plaintiff seeks abatement of tax, penalties, and interest for the tax periods ending January 31, 2021.

16. Plaintiff seeks an application of the payment made on or around October 17, 2022 in the amount of $174,219 to be applied to the estate EIN, resulting in a refund of $6,691of tax and abatement of all penalties and interest as set forth on Exhibit A.

17. The original Form 1040-NR and Form 1041 were filed on October 17, 2022, and amended returns were filed on July 12, 2023.

18. The name of the taxpayer appearing on the October 2022 returns is "Estate of Steven Babensee," and the name of taxpayer appearing on the July 2023 returns is "David Babensee Estate," which is the proper name of the taxpayer. All returns have an address listed as 2881 Panorama Drive, North Vancouver, British Columbia V7G2A4, and an identification number of XX-XXX7639.

19. The administrative claim requesting application of payment was received by the IRS on January 28, 2026.

20. The identification number of the estate is XX-XXX7639.

## FACTUAL ALLEGATIONS

21. Following Mr. Babensee's death, Mrs. Babensee engaged a Canadian accounting firm to assist in preparing final United States tax filings.

22. That firm committed multiple material errors in preparing and filing the returns.

23. Among other errors, the firm filed the wrong type of return, used an incorrect estate name, and used inconsistent and erroneous tax periods.

4

24. On or about May 15, 2021, the IRS received $117,316 withholding tax from Mr. Babensee's employer.

25. In or about October 2022, a Form 1040-NR for tax period January 16, 2020 through December 31, 2021 and a Form 1041 for tax period October 16, 2020 through January 15, 2021 were filed under the name "Estate of Steven Babensee," rather than under the correct name associated with the Estate's EIN, "David Babensee Estate."

26. The Estate's tax liability was paid through payroll withholding and by direct payment made by Mrs. Babensee on behalf of the Estate for the remaining amount due.

27. The IRS later acknowledged receipt of a payment of $174,219 for the tax period ending October 31, 2021.

28. A late-filing penalty of approximately $13,833 was assessed on the original filing, and that amount was included in the payment made by Mrs. Babensee.

29. In or about March 2023, the Canadian accounting firm contacted the IRS seeking relief from the late-filing penalty.

30. During that contact, the IRS advised, in substance, that no return had been filed under the proper account because the estate name did not match the corresponding EIN, and suggested refiling under the proper name.

31. Acting in reliance on that guidance, corrected returns were filed in July 2023 under the proper estate name, "David Babensee Estate," together with a letter explaining the prior errors (Exhibit B).

32. The corrected filing included a Form 1040-NR for tax period January 16, 2020 through December 31, 2021 and a Form 1041 for tax period October 16, 2020 through January 15, 2021.

33. Proof of delivery of that corrected filing to the IRS processing center was received on or about August 30, 2023.

34. Despite the corrected filing, the IRS failed to reconcile its records.

35. On or about January 2, 2024, the IRS issued correspondence stating that payment of $174,219 had been received for the tax period ending October 31, 2021, but that no corresponding return had been received for that period.

36. That correspondence confirmed that the IRS had in fact received the Estate's payment but had failed to properly associate it with the correct filing and account.

37. On or about February 1, 2024, the Canadian accounting firm again contacted the IRS regarding these issues and resent the updated return together with prior proof of delivery.

38. The IRS received that inquiry on or about February 27, 2024.

39. Thereafter, on or about May 6, 2024, July 5, 2024, and September 4, 2024, the IRS issued letters stating that more time was needed to respond to the February 27, 2024 inquiry (Exhibit C).

40. On or about September 16, 2024, the IRS issued Notice CP081 AM12 stating that there was a credit of $174,219 on the account and that no return had been received for the tax period ending October 31, 2021 (Exhibit D).

41. Thus, by September 2024, the IRS had expressly acknowledged a credit of $174,219 in its records.

42. Notwithstanding that acknowledged credit, on or about June 23, 2025, the IRS issued Notice CP161 demanding payment of $153,695 in tax plus $126,448.38 in penalties and interest for the tax period ending January 31, 2021 (Exhibit E).

43. The June 23, 2025 Notice CP161 stated, in substance, that the only amount received for that period was the withholding tax of $117,316 and did not properly account for the $174,219 payment previously made and acknowledged by the IRS.

44. The IRS's conflicting positions demonstrate that it has maintained duplicate or mismatched account records concerning the Estate's filings and payments.

45. One IRS account reflects a credit balance of approximately $174,219 for a period ending October 31, 2021 without a matching return, but another IRS account reflects a return with an amount due of $153,695 for a period ending January 31, 2021, plus penalties and interest.

46. These balances arise from the same underlying liability and payment stream and should not exist simultaneously as separate obligations.

47. If the $174,219 credit is properly transferred and applied to the period for which the IRS claims tax is due, the underlying tax liability is satisfied.

48. The continuing assertion of penalties and interest is improper because the tax was paid and because any delay or mismatch resulted from filing errors by the prior preparer and the IRS's own failure to correctly post and apply the payment.

49. In or around September 2025, Plaintiff's representatives submitted another letter to the IRS explaining the facts contained herein and requesting application of the credit to the mismatched return.

50. On or about January 28, 2026, Plaintiff submitted a formal administrative claim for refund or credit to the IRS.

51. On or around April 15, 2026, the IRS issued Letter 105C denying a claim for refund or credit because more than three years had passed, for the tax period ending December 31,

2020 (Exhibit F). To the extent that denial encompasses or relates to the same underlying tax liability at issue in this action, it constitutes the jurisdictional prerequisite for this suit.

52. Since 2022, Plaintiff and Plaintiff's representatives have repeatedly attempted in good faith to resolve this matter administratively.

53. Those efforts have included telephone calls, submission of corrected returns, explanatory correspondence, resubmission of filings, and response to IRS notices.

54. The IRS nevertheless failed to timely correct its records, failed to properly apply the acknowledged payment and credit, and continued to accrue penalties and interest and issue collection notices.

55. Plaintiff is informed and believes that the IRS now contends that the applicable limitations period bars administrative correction or refund relief.

56. Any such position is inequitable, unsupported, and contrary to law where the IRS received and retained the Estate's payment, acknowledged the credit, was repeatedly notified of the mismatch, and yet failed to correct its own records.

57. Plaintiff has suffered and continues to suffer damages as a result of the IRS's actions, including wrongful demands for payment, continued accrual of penalties and interest, inability to close the Estate's tax matters, and the burden and expense of prolonged administrative efforts.

## COUNT I RECOVERY OF TAX, PENALTIES, AND INTEREST
## ERRONEOUSLY OR ILLEGALLY ASSESSED OR COLLECTED

52. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 56 above as if fully stated herein.

53. The Estate paid the federal tax liability at issue through withholding and direct payment.

54. The IRS's subsequent demand for an additional $153,695 in tax plus penalties and interest for the same underlying liability constitutes an erroneous and illegal assessment and collection demand.

55. The penalties and interest assessed in connection with that alleged deficiency were also erroneous and improper because the tax was paid and because the asserted delinquency resulted from clerical, filing, posting, and account-matching errors rather than any willful or negligent nonpayment by Plaintiff.

56. Plaintiff is entitled to abatement of all tax, penalties, and interest erroneously assessed on the same underlying liability for which tax had already been paid.

## COUNT II FAILURE TO PROPERLY CREDIT AND APPLY PAYMENT

57. Plaintiff repeats and realleges the allegations set forth above as if fully stated herein.

58. The IRS received and acknowledged payment of $174,219 associated with the Estate's filings.

59. The IRS has failed to properly credit and apply that payment to the correct Estate account and tax period.

60. The IRS's failure to transfer or apply the acknowledged credit to the account on which it claims an amount due is contrary to the Internal Revenue Code and the direct cause of the erroneous balance asserted against Plaintiff.

61. Plaintiff is entitled to a judgment determining that the payment and credit should be applied to the Estate's correct account and tax period, and to a refund of any amounts in excess of the Estate's properly determined liability.

## COUNT III ABATEMENT OF PENALTIES AND INTEREST

62. Plaintiff repeats and realleges the allegations set forth above as if fully stated herein.

63. Any late-filing, late-payment, or related penalties assessed against the Estate should be abated.

64. The circumstances here establish reasonable cause and absence of willful neglect, including reliance on professional tax preparers, prompt corrective action once errors were identified, full payment of the underlying tax, repeated efforts to comply with IRS instructions, and the IRS's own failure to correctly process the corrected returns and payments.

65. Interest assessed on tax previously paid or on penalties that should not have been imposed is likewise improper and should be removed.

66. Plaintiff is entitled to abatement of all penalties and corresponding interest connected with the disputed assessments.

## COUNT IV ALTERNATIVE CLAIM FOR EQUITABLE RECOUPMENT, SETOFF, OR CREDIT

67. Plaintiff repeats and realleges the allegations set forth above as if fully stated herein.

68. To the extent the United States contends that any formal refund claim or limitations period bars full recovery, Plaintiff pleads in the alternative the doctrines of equitable

10

recoupment, setoff, and credit to prevent the Government from retaining payment on one account while simultaneously collecting the same tax on another account arising from the same transaction, taxable event, and liability.

69. The Government may not, consistent with law and equity, retain the Estate's acknowledged $174,219 credit while also demanding a second payment of the same underlying tax, together with penalties and interest generated by its own bookkeeping and account-posting failures.

70. Plaintiff is entitled, at minimum, to have the acknowledged credit applied against any liability the Government contends remains due for the same underlying tax obligation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in favor of Plaintiff and against Defendant as follows:

A. Determining that the federal income tax liability at issue has been paid through withholding and direct payment;

B. Determining that the IRS has improperly maintained duplicate, inconsistent, or mismatched account records with respect to the Estate's filings and payments;

C. Ordering that the $174,219 credit acknowledged by the IRS be applied to the proper Estate account and tax period;

D. Ordering that the IRS correct its records to reflect the Estate's proper name, tax identification information, filings, payments, and applicable tax periods;

11

E. Abating all penalties and interest improperly assessed against the Estate in connection with the disputed liability;

F. Awarding Plaintiff recovery of any taxes, penalties, and interest erroneously or illegally assessed or collected, together with such statutory interest as may be allowed by law;

G. Declaring that the United States may not retain the Estate's payment on one account while seeking to collect the same tax on another account;

H. Awarding Plaintiff costs, fees to the extent permitted by law, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

Gregory T. Bryant, Counsel for Plaintiff

Attorney at Law / CPA

Managing Partner

Bryant Law Group, PC (dba BILTgroup)

12